IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICK SHIMITZ, on his own behalf, DARCEY SHIMITZ, on her own behalf, and CHAD SCHROEDER, in his individual capacity,** ) ) ) ) | **CASE NO. 8:01CV27** |
| ) | |
| **Plaintiffs,** ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| **TYSON FRESH MEATS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

This matter was removed to this Court from the District Court of Dakota County, Nebraska, on January 23, 2001. Rick and Darcey Shimitz filed the action on their own behalf, and as natural guardians, parents and next friends of Chad Schroeder, then a minor (Filing No. 1). The case was consolidated for purposes of discovery with a number of other cases that arose out of the same incident. In March 2004, the case was severed because Plaintiff, Rick Shimitz, was a member of the U.S. Armed Forces on active duty (Filing No. 186)[1]. The case was stayed in July 2005 pending the outcome of a related appeal (Filing No. 403). In October 2005, it was set for trial on February 6, 2007, and then reset for trial on July 17, 2007 (Filing No. 414).

In May 2007, the Court considered an Unopposed Motion to Continue Trial and a Motion to Require Substitution of Real Party in Interest which stated that Schroeder had reached the age of majority and was overseas on active duty in the United States Air Force. Further, the Motion to Continue stated that no one had been in recent contact with

---

[1] In 2004, Rick Shimitz was active duty Air Force, his service status is not relevant to this Motion.

Schroeder regarding the lawsuit, although attempts had been made to contact him. (Filing No. 461). The Court required the Plaintiffs to provide an affidavit of the date of Schroeder's birth, his preference to proceed or withdraw from litigation, and the relevant facts of Schroeder's military service (Filing No. 463). An affidavit of Darcey Shimitz was provided indicating that Schroeder was of majority age, on military active duty stationed overseas, and that he had requested leave to attend the trial. The Court granted the motion to substitute Schroeder as the real party in interest and the trial was stayed indefinitely pending his return. The Plaintiffs were directed to keep the Defendant's counsel and the Court apprised of the developments regarding Schroeder's request for leave to attend a trial in this matter (Filing No. 468).

In February 2007, Plaintiffs' counsel filed a motion to withdraw, as to Rick Shimitz only, which was granted.[2] At that time, Plaintiffs' counsel indicated that Schroeder was to return to the United States in March to continue his military service. On February 27, 2008, the Court ordered that Schroeder file with the Court within 30 days an affidavit stating his intention to proceed or not to proceed with this matter (Filing No. 473).

On March 27, 2008, Plaintiffs' counsel filed a Motion seeking an additional 30 days in which to file an affidavit from Schroeder. The Motion and counsel's affidavit indicate that counsel was not able to provide Schroeder with information regarding this case until "about a week ago." Further, the affidavit indicates that Schroeder "requires additional time to review the pertinent materials, discuss them with counsel, and coordinate the submission

---

[2] The February 27, 2008, Order required Rick Shimitz to file with the Court within 15 days of the Order his appearance pro se or to provide a written substitution of counsel. The Order indicated that the failure to do so would result in the dismissal of all of Rick Shimitz's claims against the Defendants. Rick Shimitz has not filed any response to the Court's Order.

of his affidavit to the Court" and requests an additional thirty (30) days in which to do so (Filing Nos. 474 and 475).

This matter has been pending for seven years. Schroeder himself did not initiate this action, and at no time has he given this Court any indication of having the slightest interest in participating in these proceedings. If Schroeder in fact wanted additional time to review pertinent materials and discuss them with counsel in order to make a reasoned decision about his course of action, Schroeder could have signed a one-line affidavit to that effect.

Federal Rule of Civil Procedure 41(b) provides authority for this Court to dismiss the claims of a Plaintiff who fails to prosecute his case, or who fails to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Thus, unless Schroeder can make a good faith showing as to why he failed to comply with the Court's February 27, 2008, Order and why in the interests of justice he should be permitted to continue to pursue this matter, the Court will enter an order dismissing the claims of the Plaintiff Chad Schroeder.

IT IS ORDERED:

1. Plaintiff Chad Schroeder's Motion for Extension of Time (Filing No. 474) is denied;

2. The Court will dismiss the claims of the Plaintiff Chad Schroeder on April 11, 2008, for a failure to prosecute and failure to comply with the Court's Orders under Fed. R. Civ. P. 41(b), unless before that date he makes a good faith showing as to why he should be permitted to pursue this action; and

3.  Pursuant the Court's Order of February 27, 2008 (Filing No. 473), and Fed. R. Civ. P. 41(b), the claims of Rick Shimitz are dismissed.

DATED this 28th day of March, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge