## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DARCEY SHIMITZ and** | ) | |
| **CHAD SCHROEDER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **8:01CV27** |
| **vs.** | ) | |
| | ) | **ORDER** |
| **TYSON FRESH MEATS, INC.** | ) | |
| **formerly known as IBP, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on defendant's Motion [479] for leave to take the deposition of plaintiff, Chad Schroeder. Plaintiff objects on grounds that the discovery schedule expired in September 2004.

In 2000, Rick and Darcey Shimitz filed this action on their own behalf, and as natural guardians, parents and next friends of Chad Schroeder, then a minor. Filing [1]. The case was removed to federal court in January 2001 and was consolidated for purposes of discovery with a number of related cases. In May 2002, Darcey Shimitz was deposed and was asked questions about the claim brought on behalf of Chad Schroeder. Schroeder, then a child, was not deposed at that time.

In March 2004, this case was severed from the other cases because former plaintiff, Rick Shimitz, was on active duty in the U.S. Armed Forces. The case was stayed in July 2005 pending the outcome of a related appeal. In October 2005, the case was set for trial on February 6, 2007, and then reset for trial on July 17, 2007.

Meanwhile, Chad Schroeder reached the age of majority. He enlisted in the U.S. Air Force on or about September 13, 2005 and was stationed overseas. On June 12, 2007, pursuant to Fed. R. Civ. P. 17, Judge Smith Camp entered an order requiring him to proceed with this litigation in his individual capacity as the real party in interest.

The trial was stayed indefinitely pending Schroeder's return to the United States. Not until March 28, 2008, did Mr. Schroeder file an affidavit verifying that he was, in fact, interested in pursuing his claims against the defendant.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows the court to modify the case schedule for good cause.  Here, the record shows that Mr. Schroeder reached the age of majority after the discovery schedule expired, and he has been continuously unavailable since that time.  Noting the plaintiffs' objections, the court finds that the defendant has shown good cause for modifying the case schedule and that the defendant should be allowed to depose Chad Schroeder prior to trial.

**IT IS ORDERED** that defendant's MOTION FOR LEAVE TO TAKE DEPOSITION OF CHAD SCHROEDER [479] is granted.

Pursuant to NECivR 72.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.  **The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.**  *See* NECivR 72.2(d).

**DATED April 21, 2008.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-2-